**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| NELSON L. CARCAMO <br> 408 Greenlawn Drive, Apt. 100 <br> Hyattsville, MD 20783 <br><br> PLAINTIFF, <br><br> v. <br><br> S. A. HOME IMPROVEMENT, INC. <br> 7217 Lockport Place, Suite 209 <br> Lorton, VA 22079 <br><br> Serve: Seddik Anibar <br> 7217 Lockport Place, Suite 209 <br> Lorton, VA 22079 <br><br> SEDDIK ANIBAR <br> 13500 Highland Farms Court <br> Nokesville, VA 20181 <br><br> DEFENDANTS. | Case No.: 1:20-cv-766 |

## COMPLAINT

The plaintiff, Nelson L. Carcamo ("Plaintiff"), submits this Complaint against S.A. Home Improvement, Inc. ("S. A.") and Seddik Anibar ("Anibar") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Maryland.

2. Defendant S. A. is a Virginia corporation and home remodeling contractor with its principal office located at 7217 Lockport Place, Suite 209, Lorton, Virginia.

3. Defendant Anibar is an adult resident of Virginia and President of defendant S. A.

4. At all times relevant to this Complaint, Anibar made all relevant decisions regarding Plaintiff's compensation.

5. At all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

6. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce and/or an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

7. At all times relevant to this Complaint, Defendants were each and all employers as that term is defined by 29 U.S.C. §203(d).

8. Plaintiff claims more than $4,500 in damages.

## FACTS

9. Plaintiff worked for Defendants as a carpenter from around March 27, 2017 until around April 17, 2019.

10. Defendants paid Plaintiff by the hour at rates ranging from $20.00 to $23.00 per hour.

11. Defendants required Plaintiff to report to the office at the start of each day to pick up a company van, which Plaintiff drove to each jobsite, and return the van at the end of the day.

12. Defendants did not pay Plaintiff for the time spent driving the company van between the office and the jobsites.

13. Defendants did not pay Plaintiff for all time worked at the jobsites.

14. Plaintiff frequently worked more than forty hours per week.

15. Defendants never paid Plaintiff at the overtime premium rate of one and one-half times his regular rate for all hours over forty worked in each one-week period.

## COUNT I
### Violation of Fair Labor Standards Act
### (Overtime)

16. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17. The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times the employee's lawful hourly rate of pay for all hours worked per week in excess of forty.

18. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA but did not do so.

19. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court:

1. Order Defendants to pay to Plaintiff all overtime wages owed, consistent with the Fair Labor Standards Act;

2. Award Plaintiff liquidated damages for all overtime wages owed pursuant to 29 U.S.C. §216(b);

3. Award Plaintiff his reasonable attorney's fees and costs; and

5. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Gregg C. Greenberg*

Gregg C. Greenberg (Bar No. 79610)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
ggreenberg@zagfirm.com

*Counsel for Plaintiff*